FILED & ENTERED

FEB 23 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Mahboob Talukder<br>Robert Smith | Case No.: 1:08-bk-11669-GM<br>Adv No: 1:20-ap-01069-GM |
| Debtor(s). | **TENTATIVE RULING AND MEMORANDUM OF FINDINGS GRANTING PARTIAL ADJUDICATION OF FACTS AND ISSUES** |
| Chicago Title Insurance Company<br>Plaintiff(s),<br>v.<br>Mahboob Talukder<br>Defendant(s). | Date: February 23, 2021<br>Time: 10:00 AM<br>Courtroom: 303 |

Plaintiff Chicago Title Insurance Company filed a motion for summary judgment or alternatively for summary adjudication of issues.  Because of the delay in the filing of the opposition, the parties agreed to postpone the hearing on the motion.  The Court took the opportunity to order that the parties provide law and facts concerning the timing

-1-

of notice to the plaintiff:

> BECAUSE THE MOTION FOR SUMMARY JUDGMENT CANNOT BE RESOLVED IN FULL WITHOUT DEALING WITH THE STATUTE OF LIMITATIONS DEFENSE, IN ORDER TO ALLOW THE COURT TO MAKE A FULL DETERMINATION OF THIS MOTION AND DUE TO THE ADDITIONAL THREE WEEKS BEFORE THE HEARING, IT IS ORDERED AS FOLLOWS:
>
> (3) By February 5, 2021, Plaintiff is to provide the appropriate evidence and law as to the issue of the statute of limitations which has been raised as a defense. Specifically, Plaintiff is to file copies of the various recorded documents between the Deed of Trust from Echeverria to Resmae (Ex. 11 on the Gittelman declaration) and the Assignment of Deed of Trust from MERS as nominee for Resmae to US Bank (Ex. 19 to the Gittelman declaration) so as to demonstrate the chain of title from Resmae to MERS as nominee. Plaintiff is also file a copy of the claim by Resmae on the Plaintiff which is referred to in paragraph 17 of the Gittelman declaration.
>
> (4) If Plaintiff files the additional documents and legal arguments as ordered, by February 12, 2021 the Defendant is to file additional evidence (if any) and law as to the issue of the statute of limitations on this adversary proceeding. (dkt. 16)

The issues and evidence raised in the supplemental papers are discussed in the tentative ruling which was provided by the Court before the hearing.  At the hearing, the parties agreed that they had no opposition to the findings laid forth in the tentative ruling and that the remaining issue concerns when Resame and/or Chicago Title became aware of the bankruptcy filing.  The Court hereby adopts its tentative ruling as its memorandum of opinion as to the liability of Mahboob Talukder on the complaint.  The issue of whether that can be enforced under 11 USC §523(a)(3)(B) cannot be

determined at this time. Chicago Title will need to prosecute this through a further motion for summary judgment or an evidentiary hearing.

## The Tentative Ruling and Findings of the Court

Plaintiff's proposed facts are set out in plain type. OPPOSITION IS NOTED IN THIS TYPEFACE. *Rulings are in italics.*

The real property in question is located at 7059 Alcove Ave., North Hollywood. CA. ("the Property").

April 2, 2002 – Penny Martin-Dougherty (Dougherty), the owner of the Property, obtained a trust deed (DOT #1) in the principal amount of $31,500 in favor of American Mutual Mortgage. UNDISPUTED

December 1, 2002 - Dougherty obtained another trust deed (DOT #2) in the principal amount of $7,500 in favor of American Mutual Mortgage Profit Sharing Plan Scott K.L. Saks, Trustee. UNDISPUTED

April 15, 2003 – due to Dougherty's default on DOT #2, that lender recorded its notice of default (NOD #1). UNDISPUTED

April 28, 2003 - Mahboob Talukder (aka David Talukder) (hereafter "Talukder" or "Debtor") came to the Property unsolicited and advised Dougherty that they "routinely" helped homeowners to avoid foreclosure of their property with a reverse mortgage. NOTHING SUPPORTS THAT TALUKDER EVER APPEARED AT THE PROPERTY. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Talukder visited Dougherty at the Property a few times and represented that "they" worked for a company named GIT, Inc. It was further represented that "they" were

experts in securing reverse mortgages for homeowners who had substantial equity in their homes.[1] DISPUTED. NO SUPPORT EXCEPT FOR DOUGHERTY'S DECLARATION. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Talukder represented that since Dougherty owed only $30,000 on the Property that she could do a reverse mortgage program with him.  It was further represented that the default would be paid off on the two Deeds of Trust on the Property and that he *would be paid* (typo) her the amount of $500 a month for 15 years. DISPUTED. NO SUPPORT EXCEPT FOR DOUGHERTY'S DECLARATION. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Talukder also represented to Dougherty that she would remain the title owner of the Property and that after 15 years she could refinance or sell the Property to pay back the reverse mortgage. DISPUTED. NO SUPPORT EXCEPT FOR DOUGHERTY'S DECLARATION. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

May 2, 2003 – Talukder, along with a notary named Angela Hernandez, came to the Property to have Dougherty sign the papers for the reverse mortgage. DISPUTED. NO SUPPORT EXCEPT FOR DOUGHERTY'S DECLARATION. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Dougherty signed the documents where she was told to sign.  Talukder represented that she would be provided copies of the documents that she signed on May 2.

---

[1] Frank Gonzalez, and John Castaneda are not in the motion for summary judgment, though they are mentioned in other filings.  However the motion for summary judgment uses the pronoun "they."  This is not relevant because all allegations are that Talukder was present and the recipient of the transfer.

Disputed. No support except for Dougherty's declaration. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Talukder promised to provide Dougherty with copies of the documents, but never did provide copies of these documents to her. Disputed. No support except for Dougherty's declaration. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.* Dougherty did not observe the notary stamp her journal because she claimed that she [did] not have it with her that evening. Disputed. No support except for Dougherty's declaration. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

Dougherty received monthly payments of $500 from Talukder for 6 months, but he never returned any of the calls from her regarding the Property. Disputed that she never received return calls if she made calls. Defendant does not recall calls made more than 10 years ago. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact. Defendant's memory of past calls is not relevant to the memory of Dougherty.*

Dougherty never discussed a grant deed with Talukder and she never intended on transferring title of the Property to GIT, Inc. Disputed. No support except for Dougherty's declaration. *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.* On May 2, 2003, the Grant Deed allegedly signed by Dougherty conveyed the Property to GIT, Inc. Undisputed.

Dougherty learned after the visit from Detective Michael Deck, that the Property had been transferred to GIT, Inc. by the deed she signed that was presented to her by the Debtor and had been notarized by Angela Hernandez.  DISPUTED.  NO SUPPORT EXCEPT FOR DOUGHERTY'S DECLARATION.  *Overruled: Dougherty's declaration is competent evidence and no contrary evidence has been submitted to raise a triable issue of fact.*

The representations regarding curing the default on the DOT #1 and DOT #2 made by the Defendant were false in that on July 23 2003, American Mutual Mortgage recorded its Notice of Default (hereafter "NOD #2") on the Property.  DISPUTED.  THERE IS NO EVIDENCE TO SHOW THAT TALUKDER MADE THE PURPORTED REPRESENTATIONS.  *See rulings above as to Dougherty Declaration.*  THE GITTELMAN DECLARATION IS OBJECTED TO.  *Copies of the American Mutual notices of default are exhibits to the Gittelman declaration.  There is no dispute that these are true and correct copies of those documents and the objection is overruled.*

September 17, 2003 - Cristina Talukder ("Cristina" – debtor's spouse) executed a Deed of Trust in favor of People's Choice Home Loans, Inc.  UNDISPUTED

October 2, 2003 - GIT conveyed the Property to Cristina. UNDISPUTED. *[ It stated that she was a "single woman."]*

May 10, 2004 - Cristina conveyed the Property to Absara, LLC, as Trustee of the Alcove Trust by executing a Corporate Grant Deed. UNDISPUTED

Absara was a Nevada Limited Liability Company and Talukder was a member of Absara. UNDISPUTED

May 9, 2005 - Absara conveyed the Property to Carmen Echeverria by executing a Grant Deed. UNDISPUTED

May 16, 2005 - Echeverria obtained a loan in the principal amount of $344,000 in favor of Resmae Mortgage Corp. ("Insured"), which is secured by a deed of trust on the Property. UNDISPUTED

In connection with this loan transaction. Chicago Title issued an ATLA Loan Policy of Title Insurance to Resmae on the Property. UNDISPUTED

June 9, 2006 - Dougherty filed suit in LASC against Debtor and included Resmae (the insured) and other defendants. BC 353648. ("the Lawsuit") This included sixteen causes of action, including fraud, breach of contract and undue influence. UNDISPUTED

June 15, 2007 – a felony complaint was filed against Talukder with respect to his acts surrounding the unlawful acquisition of the Property from Dougherty, case. BA 323835 in Los Angeles Superior Court. UNDISPUTED THAT THE COMPLAINT WAS FILED.

September 26, 2007 – Dougherty filed a motion for summary judgment in the Lawsuit against Talukder. The motion was accompanied by her declaration in support of the motion as well as declarations of Robert Smith, Jr.; Carmen Echevarria, and John Casteneda. THIS WAS THE RESULT OF A DEFAULT JUDGMENT AND TALUKDAR NEVER EXAMINED DOUGHERTY. *Overruled: There is no showing that this was a default judgment. The superior court docket provided in the Ragland declaration demonstrates that Debtor participated in the superior court action in that he filed an answer to the complaint on September 25, 2006 and an opposition to a motion to compel on April 12, 2007. The format of the superior court docket does not allow this court to ascertain whether he was later declared in default, but if he was it was due to his own actions or*

*inactions. Because this was a judgment on a motion for summary judgment (and apparently also on a motion for judgment on the pleadings), it had to be supported by admissible evidence to show that there was no reasonably disputed facts.*

*March 21. 2008 – David and Cristina Talukder filed a chapter 7 bankruptcy case.*
UNDISPUTED

*April 1, 2008 and May 9, 2008 – Talukder amended his bankruptcy schedules.*
UNDISPUTED

*April 2008 onward – the superior court case continues to have filings and although the parties were aware of the bankruptcy petition, there is no notice of bankruptcy on the superior court docket. [Ragland declaration in support of reply (adv. dkt 19) and the Court review of the superior court docket from March 21, 2008.]*

*April 10, 2008– On January 26, 2007, Talukder and his wife had executed a note and deed of trust on a different property for $903,000 to Bear Stearns which was later assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee, who filed a motion for relief from the automatic stay (bankruptcy dkt. 13).*

*May 2, 2008 – On February 28, 2006, Talukder and his wife had executed a note and trust deed on a different property to Classic Home Lending for $91,350. (opp. RJN #2), which was later assigned to MERS as nominee, who filed a motion for relief from the automatic stay (bankruptcy dkt. 18).*

*May 12, 2008 – hearing held in superior court and amended judgment filed [Ragland declaration in support of reply (adv. dkt 19)]*

June 17, 2008 – Dougherty filed a non-dischargeability complaint against Debtor (adv. # 1-08-ap-01385GM). UNDISPUTED

*July 1, 2008 – Talukder bankruptcy discharge*

*August 14, 2008 – EMC filed a motion in the superior court to set aside the amended judgment. This is opposed and argued, but on 10/8/08 the court sets aside the amended judgment. [Ragland declaration in support of reply (adv. dkt 19)] There are no filings in this court as to the grounds to set aside the amended judgment.*

*November 12, 2008 – second amended summary judgment in superior court for $176,461.26 in favor of EMC Mortgage and La Salle Bank. Cancelled trust deed in favor of Resmae Mortgage and all grant deeds. Not specifically on fraud, but several causes of action included. (RJN #14)*

November 19, 2008 - Talukder pled guilty to some of the charges in the felony complaint. UNDISPUTED *Convicted on Count 2 as to Dougherty for failure to provide Equity Purchase Contract to Dougherty. (RJN #16, 17)*

August 26, 2009 - Dougherty obtained a non-dischargeable judgment against Debtor. UNDISPUTED

April 25, 2012 – MERS, as the nominee for Resmae Mortgage Company, assigned the Deed of Trust to LaSalle Bank. UNDISPUTED

November 15, 2013 - The court in the criminal case issued an Order of Restitution for $175,835.02 in favor of Dougherty against Talukder. UNDISPUTED

July 23, 2015 –Chicago Title paid $344,000 to Select Portfolio Servicing in satisfaction of the claim made on the title insurance policy that it had issued to Resmae. OBJECTION TO DECLARATION OF GITTELMAN. *Overruled. Ex. 20 to the Gittelman declaration is a copy of the check and the declaration meets the business records exception to the hearsay rule.*

Chicago Title has incurred $40,498 in attorney's fees for the defense of the Action filed by Dougherty. OBJECTION TO DECLARATION OF GITTELMAN. *Overruled. Ex. 21 to the Gittelman declaration is a copy of the supporting documents and the declaration meets the business records exception to the hearsay rule.*

Chicago is entitled to judgment against Talukder in the amount of $344,000 plus attorney fees of $40,498.00 plus interest at the legal rate of 10% per annum from July 23, 2015 and court costs. DISPUTED. THE DISCHARGEABILITY ACTION IS TIME-BARRED. *Discussed below.*

    The parties complied with the order to provide information about notice of the bankruptcy as follows:

    Lawrence Gittelman, Recoupment Counsel for Fidelity National Title Group, submitted his declaration as custodian of records of the books, records, and files of Chicago Title Insurance Company. He states that these were made at or about the time of the events recorded and maintained in the ordinary course of Chicago Title's business at or near the time of the acts, conditions, and events to which they relate. They were prepared in the ordinary course of business of Chicago Title by a person with actual knowledge of the event being recorded and who had a business duty to accurately record the event.

    He has reviewed these business records to locate documents or communications that would show any notification from Resmae (its insured) that would indicate

Resmae's knowledge of the filing of the petition in March 2008.  There were none. The records indicate that counsel was retained to represent Resmae after service of Dougherty's verified complaint in LASC cse BC 353648, which was filed on June 9, 2006.  That case was still open in the LASC in 2008 when the bankruptcy was filed. Resmae's records do not indicate that there was any communication received as to the bankruptcy filing from MERS in 2008.  Had there been one, the LASC action would have been stayed until action was brought in the bankruptcy court.

Chicago Title has no relationship with MERS with respect to this policy, which was issued to Resmae.

The Chicago Title records show no knowledge of the summary judgment granted in the Dougherty action until Resmae provided a copy.  That summary judgment vacated the deed of trust of Resmae and resulted in Chicago Title paying Resmae $344,000 in satisfaction of its claim.

<u>Talukder Objection to Gittelman declaration</u>: there is no declaration of personal knowledge.  However there is no objection to the exhibits. MERS received timely notice and Chicago Title acquired its claim from MERS.  Since a default judgment was already rendered in favor of Resmae, which Chicago Title insured.  Chicago Title is precluded from proceeding since it would be a double recovery.

Not only does Gittelman not have personal knowledge, the lack of documents that are 13 years old does no render his testimony credible.

*This is discussed below.*

<u>Plaintiff objection to the Debtor's Request for Judicial Notice in opposition to the motion for summary judgment</u> – *overruled.  These documents are relevant to MERS having timely notice to participate in the bankruptcy.*

Analysis

The facts are really not in dispute.  The critical issue here is whether this complaint is  time-barred and therefore cannot proceed under 11 USC sec. 523(a)(3)(B).

11 USC §523(a)(3)(B) specifically deals with this type of situation.  That section requires that the debt is not listed or scheduled in the bankruptcy documents with the name of the creditor (if that name is known to the debtor) in time for the creditor to timely file a proof of claim and timely file a §523(a)(2), (4) or (6) adversary complaint.  This is so unless the creditor had notice or actual knowledge of the case in order to timely file a claim and an adversary proceeding.

Most of the evidence and argument by Chicago Title deals when it (Chicago Title) received notice.  While this is relevant, it is not dispositive.  Chicago Title obtains its rights through its insured (Resmae), which it paid off on the title insurance policy.  So the issue is when did Resmae receive actual or constructive notice.  The objections to the declarations of Lawrence Gittelman are somewhat well-taken.  To the extent that they identify undisputed documents or documents of Chicago Title, he serves as the custodian of records and has met the business records exception to the hearsay rule.  But he has not set forth what business records he has from Resmae or any other entity and he does not have the knowledge to meet the business records exception unless he was employed by them or there are other circumstances as to personal knowledge of their record-keeping and record-preparation practices.  Thus, while many of the documents can be admitted and are not objected to or are subject to judicial notice, a statement as to the absence of documents is not admissible.

Another missing piece is any document or information as to notice that MERS may have received as an interest holder in the deed of trust to Resmae or on behalf of Resmae. The original trust deed was in the name of Resme (RJN ex. 11), but the assignment of the trust deed from Resmae to LaSalle was done by MERS as nominee of Resmae (Gittelman declaration ex. 19).  There is no information on when MERS

obtained the authority as nominee or as the holder of any other power or interest in the Resme deed of trust.  It is hard to believe that there is nothing in the Resmae file on this, but there must be a paper trail somewhere.  There is no doubt that this was not an oral transaction.

However, having said that, it appears to be irrelevant that MERS was listed on the master matrix and would have received notice of the bankruptcy filing.  But what notice would it have received that might have alerted it to the Resmae interest in this property?  Even if MERS kept records by property address - and there is no showing that it did – there was no evidence that at the time of the filing of the bankruptcy David or Cristina had any interest in the property. The deed of trust had been executed by Carmen E. Echeverria to Resmae Mortgage Corporation with Chicago Title Company as trustee. The Talukders appear nowhere on the Resmae loan – David had never been on title and Cristina was merely a prior owner of the property that had been transferred through various entities to Echeverria.

Thus, unless there is some other evidence that Resmae or Chicago Title received actual or constructive notice, Chicago Title qualifies as a proper plaintiff in this §523(a)(3) adversary proceeding.  The only other evidence is the status of the state court action.  Resmae was a defendant, but it appears that Widdowson never filed a notice of bankruptcy in that case.  There is no notice on the docket and the judge proceeded to judgment without relief from the automatic stay.  But this still leaves unanswered questions.  Clearly Dougherty knew about the bankruptcy since she was named on the petition and received notice of the filing from the clerk's office.  The attorneys involved were also knowledgeable about bankruptcy law.  The bankruptcy petition was filed by Andrew E. Smith, a long-time bankruptcy practitioner.  He listed the superior court case along with the case number. [bankruptcy case dkt. 1].  Dougherty was represented in the superior court by Gerald Egbase, who appears to be in practice with Anthony Egbase, an experienced bankruptcy attorney.  Notice was given to Ms. Dougherty c/o Gerald Egbase at 6720 Tampa Ave., Reseda CA 91355, which appears

to be a single family residence and may be where Ms. Dougherty lived at the time. Nonetheless, it is hard to believe that the notice of bankruptcy was ignored by the plaintiff in the state court action and that no notice was given to Resmae, which was a defendant in that case. But these are facts that are still undecided and subject to discovery.

Another defense is that this would result in a double recovery – effectively the Debtor would have to pay twice for a single wrongful act. This is not the situation. Here there were two separate wrongful acts by the Debtor: first he took the property from Dougherty through the final transfer from Dougherty to GIT in in May 2003 and later, through the actions of his wife and also on behalf of entities in which he had an interest, he transferred the Property to Echevarria and received the loan proceeds from the Resmae loan. This was in May 2005. Had he defrauded Dougherty and then kept possession of the Property, he would have had to return it to her (with whatever other damages for his wrongful actions). But he monetized the Property to his own benefit and thus was liable to Dougherty for the value of what he took from her but no longer had and also to Chicago Title for the monetary loss that Chicago Title suffered from his action in creating a chain of title that was due to fraudulent behavior.

The one action rule has been raised by the Defendant, but does not apply in this case. Chicago/Resmae cannot exhaust their security – there is no security because the trust deed was transferred in the superior court case.

###

Date: February 23, 2021

Geraldine Mund
United States Bankruptcy Judge